# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### EVANSVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,      ) | |
|     Plaintiff,      ) | |
| ) | 3:10-cr-00003-RLY-CMM-5 |
| vs.      ) | |
| ) | |
| BRETT CLARK,      ) | |
|     Defendant      ) | |

## REPORT AND RECOMMENDATION

On November 24, 2020, the Court held an initial hearing on the Petition for Warrant for Offender Under Supervision ("the Petition") filed on November 3, 2020. Brett Clark ("Defendant") appeared in person with FCD counsel, Sam Ansell. The Government appeared by James Warden, Assistant United States Attorney. U. S. Probation appeared by Officer Jennifer Considine.

Prior to the hearing, the Defendant submitted a financial affidavit that demonstrated qualification for court-appointed counsel and Mr. Ansell's appointment was confirmed.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. §3583:

    1.    The Court advised Defendant of his rights and provided him with a copy of the Petition. The Court reviewed in detail the allegations in the Petition. Defendant orally waived his right to a preliminary hearing after testifying such a waiver was a knowing and voluntary act.

    2.    After being placed under oath, Defendant admitted to Violations 1, 2, 4 and 6.

3. The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. | "The defendant shall not purchase, possess, use, distribute a controlled substance....." |
| | As previously reported to the Court, on August 12, 2020 and September 1, 2020, Mr. Clark tested positive and subsequently admitted to using Methamphetamine." |
| 2. | "The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month." |
| | Brett Clark has absconded from federal supervision. All attempts to locate or speak to Mr. Clark have been unsuccessful and his whereabouts are unknown at this time. |
| 4. | The defendant shall submit to drug testing at a rate of no more than eight per month" |
| | Mr. Clark failed to appear for a random urinalysis drug test on October 27, 2020. Furthermore, Mr. Clark submitted altered drug test samples on October 16, 2020 and October 22, 2020. |
| 6. | "The defendant shall participate in a substance abuse treatment program at the direction of the probation officer....." |
| | On October 10, 2020, Brett Clark completed a substance abuse evaluation at New Visions Counseling. Mr. Clark failed to follow through with the treatment recommendation. |

4. The parties stipulated that:

   (a) The highest grade of violation is a Grade **B** violation.

   (b) Defendant's criminal history category is **VI**.

   (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is **21-27** months imprisonment.

5.	Parties jointly recommended that defendant be placed in a BOP facility for twenty-one (21) months with no supervised release to follow.

6.	The Court reviewed with the Defendant the violations cited in the Petition. The Court finds that the defendant, after being placed under oath, and having had sufficient time to consult with counsel, made a knowing, intelligent and voluntary admission of four of the violations cited in the Petition (1, 2, 4, and 6).

7.	The Magistrate Judge finds that:

(a)	The Defendant violated the conditions of supervised as set forth in allegations 1, 2, 4, and 6 in the petition;

(b)	The parties' joint recommendation is an appropriate resolution of this matter;

(c)	In considering the parties' recommendation, the Magistrate Judge has considered the factors set forth in 18 U.S.C. 3553(a)(1) [nature and circumstances of the offense and the history and characteristics of the Defendant, here, the serious violations of the terms of supervised release in a short time frame almost immediately after supervision commenced]; (a)(2)(A) [to reflect the seriousness of the offenses, to promote respect for the law, and to provide just punishment for the offense]; (a)(2)(B) [affording adequate deterrence to criminal conduct, here, consideration of the Defendant's multiple violations and disregard of reasonable rules of supervised release]; (a)(2)(C) [to protect the public from further crimes of the defendant); (a)(2)(D) [not applicable here], (a)(4), (a)(5) [not applicable here], (a)(6) [the need to avoid unwarranted sentence disparities among defendants with similar records], and (a)(7) [not applicable here].

8.	On motion of the Government, violations 2 and 5 are dismissed.

9.      The Defendant was advised that the District Judge had referred this matter to the Magistrate Judge to conduct a hearing and to make a recommendation on disposition of this matter.  The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge.   The parties have 14 days within which to object to this Report and Recommendation.

## **Recommendation**

The undersigned recommends to the Court adoption of these findings, revocation of the Defendant's supervised release, and imposition of an executed sentence in the custody of the Bureau of Prisons for a term of 21 months.  The undersigned further recommends placement at a BOP facility with resources for drug addiction treatment and also located reasonably close to the Defendant's permanent address in Evansville, Indiana.  The undersigned further recommends that the Court impose no supervised release at the conclusion of that sentence.

The Defendant is ordered detained pending the District Court's consideration of this recommendation.

Dated:      November 24, 2020

Respectfully submitted,

_____
CRAIG M. MCKEE, Magistrate Judge
United States District Court
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

4